**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NICHOLAS DANTE EDWARDS,

    Petitioner,

v.                                                              Case Nos. 3:11-cv-144-J-32JBT
                                                                               3:11-cv-145-J-32JBT

SEC'Y, FLA. DEP'T OF CORR., et al.,

    Respondents.

_____

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system who is represented by counsel, is proceeding in this Court on two petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, in which he raises the same ground for relief: that he received ineffective assistance of counsel because his attorney (Jarahn Newman, Esquire) erroneously advised him that, if he entered guilty pleas in his two state court (Duval County) cases, he would be sentenced as a Youthful Offender pursuant to the Florida Youthful Offender Act.[1] Both pleas were entered at the same April 7, 2009 hearing in state court and the state circuit court

---

[1] In Case No. 3:11-cv-144-J-32JBT, Petitioner is proceeding on a Petition (Doc. #1) and Petitioner's Memorandum of Law in Support of Motion Filed Under 28 U.S.C. § 2254 (Doc. #6). In Case No. 3:11-cv-145-J-32JBT, Petitioner is proceeding on a Petition (Doc. #1) and Petitioner's Memorandum of Law in Support of Motion Filed Under 28 U.S.C. § 2254 (Doc. #8).

adjudicated this ineffectiveness claim in a single order when Petitioner raised it in both cases. Therefore, this Court will also address both above-referenced cases in this Order.

Respondents have responded to the Petitions. See Case No. 3:11-cv-144-J-32JBT, Answer to Petition for Writ of Habeas Corpus (Doc. #9); Case No. 3:11-cv-145-J-32JBT, Answer to Petition for Writ of Habeas Corpus (Doc. #11).[2] Petitioner was given the opportunity to file a reply in each case, but elected not to do so. See Case No. 3:11-cv-144-J-32JBT, Order to Show Cause and Notice to Petitioner (Doc. #7); Case No. 3:11-cv-145-J-32JBT, Order to Show Cause and Notice to Petitioner (Doc. #9). On February 13, 2014, the Court entered an order requiring Petitioner to obtain and file an affidavit from Mr. Newman addressing the relevant issues alleged in the two Petitions. Thereafter, Petitioner filed the Declaration of Jarahn Newman. See Case No. 3:11-cv-144-J-32JBT (Doc. #12); Case No. 3:11-cv-145-J-32JBT (Doc. #15). Thus, the Petitions are ripe for review.[3]

## II. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550

---

[2] The Court hereinafter refers to the Exhibits to Answer to Petition for Writ of Habeas Corpus (Doc. #9) in Case No. 3:11-cv-144-J-32JBT as "11-cv-144 Ex." The Court hereinafter refers to the Exhibits to Answer to Petition for Writ of Habeas Corpus (Doc. #12) in Case No. 3:11-cv-145-J-32JBT as "11-cv-145 Ex."

[3] Respondents set forth the procedural history and assert that the Petitions were timely filed. See Case No. 3:11-cv-144-J-32JBT, Answer to Petition for Writ of Habeas Corpus (Doc. #9) at 2-4; Case No. 3:11-cv-145-J-32JBT, Answer to Petition for Writ of Habeas Corpus (Doc. #11) at 2-4. Thus, the Court will not repeat the procedural history.

U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

### III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits,[4] a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). A state court's factual findings are presumed correct unless

---

[4] In Harrington v. Richter, 131 S.Ct. 770, 785 (2011), the United States Supreme Court held that § 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" The Court explained, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 784-85.

3

> rebutted by clear and convincing evidence.[5] Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).
>
> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) (internal quotation marks omitted).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, ––– U.S. ––––, ––––, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)).  The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013).

## **IV. Findings of Fact and Conclusions of Law**

In both cases before the Court, Petitioner claims he received ineffective assistance of counsel because his attorney erroneously advised him that, if he entered guilty pleas in his two state court cases, he would be sentenced as a Youthful Offender pursuant to the Florida Youthful Offender Act. "To prevail on this claim, [Petitioner] must meet both the

---

[5] "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

4

deficient performance and prejudice prongs of Strickland." Wong v. Belmontes, 558 U.S. 15, 16 (2009) (per curiam) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[6] Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Harrington v. Richter, 131 S.Ct. 770, 787-88 (2011). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

---

[6] "In order to show that counsel's deficiency prejudiced him, [Petitioner] must show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (per curiam) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). Thus, the standards created by Strickland and § 2254(d) are both highly deferential, "and when the two apply in tandem, review is 'doubly' so[.]" Harrington, 131 S.Ct. at 788 (quoting Knowles, 556 U.S. at 123).

Petitioner raised this ineffectiveness claim in a Fla. R. Crim. P. 3.850 motion for post-conviction relief (hereinafter 3.850 motion), which was filed in both of his state court cases. The circuit court adjudicated the claim raised in both cases in a single order, which states in pertinent part the following:

> This matter came before this Court on the Defendant's Motions for Post Conviction Relief in Case No. 16-2008-CF-15645-AXXX-MA and Case No. 16-2009-CF-000198-AXXX-MA, both filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. The Defendant's two Motions for Post Conviction Relief will be considered by this Court in this single order, because the Motions are identical in their allegations and claims for relief. On April 7, 2009, the Defendant pled guilty to seven counts of Burglary-Unoccupied Dwelling, one count of Dealing in Stolen Property, and one count of Giving False Verification of Ownership of Pawned Items in Case No. 16-2008-CF-15645-AXXX-MA. At the same time, the Defendant pled guilty to one count of Armed Robbery in Case No. 16-2009-000198-AXXX-MA. These were straight up pleas to the Court for all of the

6

charges against him.  (Exhibits "A" and "B")[7]  On July 8, 2009, following a full sentencing hearing, the Defendant was sentenced to fifteen (15) years in prison for each of the seven Burglary charges, fifteen (15) years in prison for the Dealing in Stolen Property charge, and five (5) years in prison for the Giving False Verification charge.  (Exhibit "C")[8]  These terms were all to be served concurrent with each other, and the entire sentence was ordered to run concurrent to a twenty (20) year prison term with a ten (10) year minimum mandatory, for the Armed Robbery charge.  (Exhibit "D")[9]

In the instant Motion, the Defendant raises essentially two grounds for relief, one of which is premised upon allegations of ineffective assistance of counsel.  In order to prevail on a claim of ineffective assistance of counsel, the Defendant must show that: (1) counsel's performance was outside the wide range of reasonable professional assistance, and (2) counsel's deficient performance prejudiced the defense; that is, that there is a reasonable probability that the outcome of the proceeding would have been different absent counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Cherry v. State, 659 So.2d 1069, 1072 (Fla. 1995).  Moreover, the "standard is reasonably effective counsel, not perfect or error-free counsel."  Coleman v. State, 718 So.2d 827, 829 (Fla. 4th DCA 1988).  A claim of ineffective assistance of counsel will warrant an evidentiary hearing only where the Defendant alleges "specific facts which are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant."  Roberts v. State, 568 So.2d 1255, 1259 (Fla. 1990). Further, "[t]o establish prejudice [a defendant] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Valle v. State, 778 So.2d 960, 965-66 (Fla. 2001)

---

[7] See 11-cv-144 Ex. 2; 11-cv-145 Ex. 2.

[8] See 11-cv-144 Ex. 5.

[9] See 11-cv-144 Ex. 5 at 13; 11-cv-145 Ex. 5.

In the context of guilty pleas, the prejudice prong focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985): see also Grosvenor v. State, 874 So.2d 1176, 1179 (Fla. 2004).

In Ground One, the Defendant claims his trial counsel wrongly advised that he would be sentenced as a Youthful Offender, pursuant to the Florida Youthful Offender Act. The Defendant contends had it not been for this misadvice, he would not have entered his plea of guilty and would have instead insisted on taking the case to trial. The Defendant also claims his trial counsel informed him this Court was bound to impose a Youthful Offender sentence.

At the April 7, 2009 plea hearing, the Defendant was placed under oath and the Court questioned the Defendant to ensure he intended to enter the pleas and that he understood the consequences, specifically the sentence range:

> The Court: "Okay. Mr Edwards, your attorney has entered a plea of guilty to an armed robbery in case 09-198, which is a first degree felony, punishable by up to life and carries a ten year minimum mandatory; in the 08-15646 case, your attorney has entered a plea of guilty to seven counts of burglary to a dwelling, second degree felonies punishable each by up to 15 years, and a dealing in stolen property charge, another second, punishable by 15 years, and then the giving false information on the pawned items, which is a third, punishable by up to five years. Is that what you wish to do today?"
>
> Defendant Edwards: "Yes, Your Honor."
>
> The Court: "Mr. Edwards, did anybody threaten you or coerce you in any way to get you to enter pleas to these charges?"

8

> Defendant Edwards:  "No, ma'am."
>
> The Court:    "Has anyone promised you anything, **has anyone promised that you would receive a certain sentence**?" (Emphasis added.)
>
> Defendant Edwards:  "**No ma'am**." (Emphasis added.)
>
> The Court:    "In fact, Mr. Edwards, do you understand that your guidelines on all of these counts is 16.625 years at the bottom, up to life, that's what the guidelines call for, including a ten year minimum mandatory, day for day, do you understand that's what you face in this case?"
>
> Defendant Edwards:  "Yes, ma'am."  (Exhibit "E", page 7 and 8)[10]
>
> In addition, the Defendant and his attorney signed the plea forms in their entirety, with this included language:
>
> "**This form represents the sole and complete agreement between myself and the State.  No other agreements, representations, or promises have been made by myself, my attorney, the Court, or any representative of the State**."  (Emphasis added.)  (Exhibit "A" and "B")[11]
>
> Accordingly, the Defendant's first claim is denied.
>
> . . . .
>
> A Defendant may not seek to go behind his own **sworn** statements in a motion for post conviction relief.  Stano v. State, 520 So.2d 278 (Fla. 1988); Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991); Dir v. State, 493 So.2d 55 (Fla. 1st DCA 1986) (emphasis added).

---

[10] See 11-cv-144 Ex. 3 at 7-8; 11-cv-145 Ex. 3 at 7-8..

[11] See 11-cv-144 Ex. 2; 11-cv-145 Ex. 2.

> The Court finds the record conclusively refutes both of the Defendant's claims.

11-cv-144 Ex. 9 at 1-6 (footnote omitted); 11-cv-145 Ex. 11 at 1-6 (footnote omitted).

Petitioner appealed the denial of his 3.850 motion, and the First District Court of Appeal affirmed, per curiam, without issuing a written opinion. 11-cv-144 Ex. 13; 11-cv-145 Ex. 15. Thus, there are qualifying decisions under AEDPA from the state circuit and appellate courts. Next, this Court must consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001).

Although a defendant's statements during the plea colloquy are not insurmountable, the Supreme Court held in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), that "the representations of the defendant [at a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Here, as noted by the state circuit court, Petitioner has not surmounted this barrier.

Additionally, the Court notes that during the sentencing hearing, Petitioner's defense attorney acknowledged there was a minimum mandatory term of imprisonment, but argued that Petitioner was a good candidate to be sentenced as a youthful offender. See 11-cv-144 Ex. 4 at 46-54;11-cv-145 Ex. 4 at 46-54. Defense counsel stated, "I pretty much told [the Petitioner] that the fair thing would be -- in my mind, was youthful offender." Id. at 46. The judge set forth her reasons for not sentencing Petitioner as a youthful offender, which

included a recommendation in the predisposition juvenile report summary that he be sentenced as an adult. Id. at 57. Despite discussions regarding the minimum mandatory term of imprisonment, the maximum authorized sentences, the guidelines sentence and the possibility of a youthful offender sentence, Petitioner never stated during the plea or sentencing hearings that defense counsel promised Petitioner would be sentenced as a youthful offender.

Accordingly, upon thorough review of the record and the applicable law, this Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on his claim.[12]

Therefore, it is now

**ORDERED AND ADJUDGED:**

---

[12] Even though the state court did not have the benefit of the Declaration of Jarahn Newman, this Court notes that the following pertinent portion of the declaration supports a finding that counsel did not misadvise Petitioner:

> I declare that I clearly gave all possible outcomes of the Court's sentence. Defendant was clearly advised, and additionally instructed by Judge Senterfitt all maximum sentences allowed by Law. While I along with the Defendant was hopeful, all possible outcomes were relayed to Defendant. In addition, it is to be noted that Defendant did not receive the maximum sentence by Law.

Declaration of Jarahn Newman, Case No. 3:11-cv-144-J-32JBT (Doc. #12-1) at 3, Case No. 3:11-cv-145-J-32JBT (Doc. #15-1) at 3.

11

1.      The Petition (Doc. #1) in Case No. 3:11-cv-144-J-32JBT and the Petition (Doc. #1) in Case No. 3:11-cv-145-J-32JBT are **DENIED**, and both actions are **DISMISSED WITH PREJUDICE**.

2.      The **Clerk of the Court** shall enter judgment accordingly in each case.

3.      If Petitioner appeals this Order, the Court denies a certificate of appealability.[13] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.      The **Clerk of the Court** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of March, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 10/22
c:
Counsel of Record

---

[13] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, a certificate of appealability is not warranted.